**FILED**

**October 26, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.M., G.W., and M.B.**

**No. 22-0256** (Berkeley County 21-JA-82, 21-JA-83, and 21-JA-84)

## MEMORANDUM DECISION

Petitioner Mother T.W.[1] appeals the Circuit Court of Berkeley County's March 22, 2022, order terminating her parental rights to A.M., G.W., and M.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In April of 2021, the DHHR filed a petition alleging that then-three-month-old A.M. sustained serious nonaccidental injuries, including a brain injury, while in petitioner's care. The DHHR also alleged that petitioner's explanations were inconsistent with A.M.'s injuries, petitioner refused to allow A.M. to be life-flighted for better treatment, petitioner engaged in domestic violence, and G.W. and M.B. also lived in the home.

The circuit court held a series of contested adjudicatory hearings in August of 2021, October of 2021, and January of 2022. Petitioner testified and gave her account of how the child was injured. Next, the DHHR presented the testimony of a doctor who was qualified as an expert in child abuse pediatrics who described A.M.'s numerous injuries and determined that they did not match petitioner's explanation. A forensic interviewer testified that, during a children's advocacy center interview in June of 2021, M.B.[3] divulged seeing D.B. hit A.M. on the side of his head. Another qualified expert witness, a biomechanical engineer, testified that she investigated the loading and force required to result in A.M.'s specific head injuries and determined that the injuries were most likely caused by a rotational acceleration of the head, which was consistent with M.B.'s statement that she saw D.B. hit A.M. and inconsistent with petitioner's explanation.

---

[1]Petitioner appears by counsel Pamela Jean Games-Neely. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Patrick Morrisey and Steven R. Compton. Jeffrey K. Matherly appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e). Although the scheduling order includes other children, those children are not at issue on appeal.

[3]M.B. and G.W. are A.M.'s half-siblings. D.B. is the father of M.B. and G.W.

1

Based on the evidence, the circuit court concluded that A.M.'s injuries were nonaccidental; that petitioner gave inconsistent testimony regarding the timeline of events surrounding A.M.'s brain injury; that petitioner's explanation for the child's injuries was not credible; and that G.W. and M.B. were in danger of the same abuse. The court relied on M.B.'s disclosure that she saw D.B. hit A.M. and reasoned that since petitioner, the father, and D.B. were in the same small home together, it was likely that all three adults knew the cause of the injuries but were withholding information from the court. Accordingly, the court found by clear and convincing evidence that the children were abused or threatened with abuse, and that petitioner was an abusing parent.

In February of 2022, the court held a final dispositional hearing. Petitioner moved for an improvement period. The DHHR argued that it was relieved of its duty to reunify the family due to the aggravated circumstances of physical abuse of A.M. Ultimately, the circuit court found that petitioner failed to "acknowledge what actually happened" with A.M.'s nonaccidental injuries and continued to blame another child despite medical evidence to the contrary. The court noted its concern that petitioner was combative with medical professionals, especially regarding their recommendation that A.M. be medically evacuated to a more equipped children's hospital in Washington, D.C. As such, the court denied petitioner's motion for an improvement period. Ultimately, the court determined that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that it was necessary for the children's welfare to terminate petitioner's parental rights. Petitioner now appeals the March 22, 2022, dispositional order terminating her parental rights.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the court erred in adjudicating her as an abusing parent against the weight of the evidence and by applying an improper legal standard. Petitioner contends that the court shifted the burden of proof to petitioner to prove the identity of the perpetrator of A.M.'s abuse when petitioner claims she did not know the cause of A.M.'s injuries. We do not agree, as petitioner's arguments on appeal all turn on her interpretation of the evidence, while ignoring that the circuit court heard evidence that conflicts with her interpretation. In support of her argument, petitioner points to her own statements that she witnessed no issues with A.M., but she ignores the fact that other testimony established that the child's symptoms should have been apparent. Based on conflicts such as this, the circuit court properly found that petitioner's claims that she neither harmed A.M. nor allowed another to harm A.M. were not credible. We decline to disrupt any credibility determination made by the circuit court. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Indeed, no improper legal standard was applied. Rather, the circuit court simply did not believe petitioner. Likewise,

---

[4]A.M.'s father's parental rights were also terminated below. D.B.'s parental rights to M.B. and G.W. were terminated. The permanency plan for all three children is adoption by the same foster family.

petitioner's argument that the court improperly considered her demands that A.M. initially go to a local hospital is without merit. The court properly took notice of petitioner's refusal to life-flight A.M. against the advice of medical professionals as well as her aggressive, defensive, and inappropriate behavior with both the ambulance staff and the medical staff at both hospitals. Accordingly, we find that the court properly weighed the evidence.

Further, the evidence overwhelmingly supports petitioner's adjudication under a clear and convincing standard. *See* W. Va. Code § 49-4-601(i) (requiring a circuit court to find, "by clear and convincing evidence," that a parent has abused and/or neglected a child at the conclusion of the adjudicatory hearing); *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014) (explaining that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established"). While petitioner attempts on appeal to assert that the medical evidence has now led her to believe that D.B. harmed the child, she made no such admission prior to her adjudication. On the contrary, petitioner advanced explanations that were inconsistent with the medical evidence and, ultimately, were found to lack credibility. Because the circuit court heard from multiple witnesses that A.M.'s injuries were nonaccidental and did not comport with petitioner's explanations, we find no error in the circuit court's adjudication of petitioner as an abusing parent to all three children. [5]

Petitioner also argues that the circuit court erred in denying her motion for an improvement period. However, we find that the evidence presented below supports the circuit court's determination that petitioner's "minor showing" of distancing herself from D.B. did not overcome "the issue of [petitioner's] failure to acknowledge what actually happened." This determination constitutes a sufficient basis upon which to deny petitioner's motion for an improvement period. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (finding that a parent's "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense"). Further, while petitioner eventually blamed D.B. for A.M.'s abuse, the court justifiably determined that petitioner's testimony was not credible, and we will not disturb this credibility determination on appeal. Finally, petitioner presented no evidence that she would substantially comply with the terms of an improvement period, as required. *See* W. Va. Code § 49-4-610(2)(B) (requiring a parent to "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period" in order to be granted the same). Accordingly, we find no abuse of discretion in the circuit court's denial of petitioner's motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely).

Finally, we conclude that the circuit court's findings were sufficient to justify the termination of petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also In re Jeffrey R.L.*, 190 W. Va. 24, 35, 435 S.E.2d 162,

---

[5] *See* Syl. Pt. 2, *In re Christina L.,* 194 W. Va. 446, 460 S.E.2d 692 (1995) (where clear and convincing evidence shows that a child suffered physical abuse while in its parents' custody, the risk of abuse extends to other children who resided in the home when the abuse took place).

173 (1993) (finding that there was "no reasonable likelihood that the conditions of abuse c[ould] be substantially corrected because the perpetrator of [the child's] physical abuse ha[d] not been identified"). The court noted that there was no way to ensure the safety of the children in the future "given how this case has unfolded" and that A.M. suffered nonaccidental trauma while in the care of the three adult respondents who would not disclose the origins of the child's injuries. Because the court had ample evidence upon which to base its findings, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 22, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn